# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **STACY SMITH** | : | |
| **Plaintiff,** | : | **Civil Action No. 19-8771 (JMV)** |
| | : | |
| **v.** | : | |
| | : | |
| **THE NEWARK BOARD OF** | : | **OPINION AND ORDER** |
| **EDUCATION,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Stacy Smith for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [ECF No. 4]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 4] is **DENIED**.

On March 20, 2019, Plaintiff initiated this action by filing a Complaint against Defendant The Newark Board of Education. ECF No. 1. Plaintiff has not filed to proceed *in forma pauperis*. Rather, Plaintiff paid the requisite four hundred dollar filing fee and was issued a summons by the Clerk of Court. ECF No. 2. Plaintiff's claims arise from alleged "discrimination based on sex." ECF No. 1 at 1.

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses; and
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's *pro bono* application wholly fails to address the *Tabron* factors. In support of his request for *pro bono* counsel, Plaintiff explains that he needs to be appointed counsel because he is "having trouble looking because [he] is disabled." ECF No. 4 at 3. While the Court

acknowledges Plaintiff's disability may inhibit his mobility, this does not suggest that Plaintiff is otherwise unable to contact legal services. Furthermore, Plaintiff's physical disability is not a factor to be considered in determining whether to appoint *pro bono* counsel.

An important factor the Court does consider is Plaintiff's ability to afford his own counsel. As noted above, Plaintiff paid the required four hundred dollar filing fee to initiate this action. Unlike most *pro se* litigants who file cases in this district, Plaintiff did not seek permission to proceed *in forma pauperis*. Although Plaintiff's ability to pay the Court filing fee may not be an accurate reflection of his finances, absent any additional evidence to the contrary, it appears that Plaintiff has the ability to attain and afford counsel on his own.

While the Court understands Plaintiff's desire to have the Court appoint counsel, the Court notes that the appointment of counsel is a privilege and not a statutory or constitutional right in a civil action. *Brightwell*, 637 F.3d at 192. The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the appointment of counsel is not warranted. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this 17th day of October, 2019,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel

[ECF No. 4] is **DENIED WITHOUT PREJUDICE**.


                                        s/ James B. Clark, III
                                    **JAMES B. CLARK, III**
                                    **United States Magistrate Judge**